**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

### SUCV2003-05290
### American Tower Corp v Fred A Nudd Corp et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 11/06/2003 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 12/09/2003 | **Session** | G - Civil G | | |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 02/04/2004 | **Answer** | 04/04/2004 | **Rule12/19/20** | 04/04/2004 |
| **Rule 15** | 04/04/2004 | **Discovery** | 09/01/2004 | **Rule 56** | 10/01/2004 |
| **Final PTC** | 10/31/2004 | **Disposition** | 12/30/2004 | **Jury Trial** | No |

**PARTIES**

**Plaintiff**
American Tower Corp
Active 11/06/2003

**Private Counsel 558381**
Doreen M Zankowski
Hinckley Allen & Snyder
28 State Street
Boston, MA 02109-1775
Phone: 617-345-9000
Fax: 617-345-9020
Active 11/06/2003 Notify

**Defendant**
Fred A Nudd Corp
Served: 11/11/2003
Served (answr pending) 11/11/2003

**Private Counsel 020373**
Nelson G Apjohn
Nutter McClennen & Fish
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
Phone: 617-439-2000
Fax: 617-973-9748
Active 12/09/2003 Notify

**Private Counsel 630994**
Thomas W Aylesworth
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2699
Phone: 617-439-2000
Fax: 617-310-9348
Active 12/09/2003 Notify

**Private Counsel 654101**
Amanda S Rosenfeld
Nutter McClennen & Fish
World Trade Center West
155 Seaport Blvd
Boston, MA 02210
Phone: 617-439-2000
Fax: 617-310-9000
Active 12/09/2003 Notify

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2003-05290
### American Tower Corp v Fred A Nudd Corp et al

| Defendant | Private Counsel 648629 |
|---|---|
| Granite States Ins Co | Eric M Chodkowski |
| Served: 11/13/2003 | Taylor Duane Barton & Gilman |
| Served (answr pending) 11/18/2003 | 111 Devonshire Street |
| | 5th Floor |
| | Boston, MA 02109 |
| | Phone: 617-654-8208 |
| | Fax: 617-482-5350 |
| | Active 12/09/2003 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/06/2003 | 1.0 | Complaint |
| 11/06/2003 | | Origin 1, Type A01, Track F. |
| 11/06/2003 | 2.0 | Civil action cover sheet filed |
| 11/11/2003 | 4.0 | SERVICE RETURNED: Fred A Nudd Corp(Defendant) (certified mail on 11/11/03) |
| 11/18/2003 | 3.0 | SERVICE RETURNED: Granite States Ins Co(Defendant) (First class mail) |
| 12/01/2003 | 5.0 | Stipulation to extend time for American Tower Corp, Fred A Nudd Corp to file an answer/responsive pleading to the complaint to and including December 18, 2003 |
| 12/04/2003 | 6.0 | Stipulation to extend time for Granite States Ins Co to file an answer/responsive pleading to the complaint to and including December 16, 2003 |
| 12/08/2003 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. Fred A. Nudd Corporation, and Granite States Insurance Company U. S. Dist.#(03-12469JLT). |
| 12/09/2003 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

. HEREBY ATTEST AND CERTIFY ON
DEC. 10, 2003, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK.



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

AMERICAN TOWER CORPORATION, )
)
Plaintiff, )
)
v. )
) **NOTICE OF REMOVAL**
FRED A. NUDD CORPORATION, and )
GRANITE STATES INSURANCE )
COMPANY, )
)
Defendants.

**03  12469 JLT**

Pursuant to 28 U.S.C. §§ 1441, 1446, defendants Fred A. Nudd Corporation ("Nudd") and Granite State Insurance Company ("Granite") remove the Massachusetts state court civil action, *American Tower Corporation v. Fred A. Nudd Corporation, and Granite States* [sic] *Insurance Company*, Suffolk Superior Court, Civil Action No. 03-5290, to this Court. Copies of all process, pleadings, and orders served upon defendants are attached as Exhibit A. The state court action is removable to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1441(b). A more detailed statement of the grounds for removal follows:

1.  Plaintiff American Tower Corporation ("ATC") filed this action in the Suffolk County Superior Court on November 6, 2003.

2.  This action arises out of the purchase and use by ATC's alleged predecessor of cellular telephone antennae towers, known as "monopoles," from Nudd. ATC asserts that some monopoles sold by Nudd are defective because they purportedly do not meet certain standards for stress loads. ATC further asserts that Granite is Nudd's insurer.

3. The Complaint alleges that plaintiff ATC is a Delaware Corporation registered in Massachusetts, with a principal place of business in Boston, Massachusetts. (Compl. at ¶ 1). ATC is, therefore, a citizen of Massachusetts. *See* 28 U.S.C. § 1332(c).

4. Nudd is a New York Corporation with a principal place of business in Ontario, New York. Nudd is, therefore, a citizen of New York. *See id.*.

5. Granite is a Pennsylvania company with a principal place of business in New York, New York. Granite, therefore, is a citizen of Pennsylvania and of New York. *See id.*

6. ATC seeks damages "as much or more than $5,125,000.00." (Compl. at ¶ 44)

7. Accordingly, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), and because no defendant is a citizen of the Commonwealth of Massachusetts, it is removable pursuant to 28 U.S.C. § 1441.

8. Defendants' Notice of Removal is filed within thirty (30) days after service on defendants of the initial pleading and is thus timely filed pursuant to 28 U.S.C. § 1446(b).

WHEREFORE, defendants request that this Court exercise jurisdiction over this action under 28 U.S.C. §§ 1441, 1446.

FRED A. NUDD CORPORATION,

By its attorneys,

Nelson G. Apjohn (BBO#020373)
Thomas W. Aylesworth (BBO#630994)
Amanda S. Rosenfeld (BBO#654101)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2609
(617) 439-2000

Dated: December 8, 2003

GRANITE STATE INSURANCE COMPANY,

By its Attorneys,

Eric M. Chodkowski (BBO#648629)
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire Street
Boston, MA 02109
(617) 654-8299

I HEREBY ATTEST AND CERTIFY ON DEC. 10, 2003 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: ASSISTANT CLERK.

- 2 -

## Certificate of Service

I hereby certify that on this 8th day of December, 2003, I served a copy of the foregoing, by hand, to Doreen M. Zankowski, Esq, counsel for American Tower Corporation, and to Eric M. Chodkowski, Esq., counsel for Granite State Insurance Company.

_____
Thomas W. Aylesworth

1279214.1

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS. | SUPERIOR COURT<br>CIVIL ACTION NO: 03-5290 |

AMERICAN TOWER CORPORATION,   )
                              )
       Plaintiff,             )
                              )
v.                            )
                              )      **NOTICE OF REMOVAL**
FRED A. NUDD CORPORATION, and )
GRANITE STATES INSURANCE      )
COMPANY,                      )
                              )
       Defendants.            )

In accordance with 28 U.S.C. § 1446(d), defendants Fred A. Nudd Corporation and Granite State Insurance Company hereby file with the Clerk of this Court a copy of their Notice of Removal, attached as Exhibit 1, filed in the United States District Court for the District of Massachusetts on December 8, 2003.


FRED A. NUDD CORPORATION,

By its attorneys,

_____
Nelson G. Apjohn (BBO#020373)
Thomas W. Aylesworth (BBO#630994)
Amanda S. Rosenfeld (BBO#654101)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2609
(617) 439-2000

GRANITE STATE INSURANCE
COMPANY,

By its Attorneys,

_____
Eric M. Chodkowski (BBO#648629)
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire Street
Boston, MA 02109
(617) 654-8299


Dated: December 8, 2003

## Certificate of Service

I hereby certify that on this 8 th day of December, 2003, I served a copy of the foregoing, by hand, to Doreen M. Zankowski, Esq, counsel for American Tower Corporation, and to Eric M. Chodkowski, Esq., counsel for Granite State Insurance Company.

_____
Thomas W. Aylesworth

1279735.1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                         SUPERIOR COURT
                                                    CIVIL ACTION NO.
                                                    03-5290

AMERICAN TOWER CORPORATION,  )
                             )
Plaintiff,                   )
                             )
v.                           )        **COMPLAINT**
                             )
FRED A. NUDD CORPORATION, and )
GRANITE STATES INSURANCE     )
COMPANY,                     )
                             )
Defendants.                  )

## INTRODUCTION

Plaintiff American Tower Corporation brings this action against Defendant Fred A. Nudd Corporation as a result of the defendant's breach of contract, negligent design, fraudulent misrepresentation of its product, breach of the express and implied warranties and violation of M.G.L. c. 93A. The plaintiff seeks relief jointly and severally from Defendant Fred A. Nudd Corporation and its insurer Granite State Insurance Company.

## PARTIES

1. Plaintiff, American Tower Corporation ("ATC") is a Delaware Corporation, registered to do business in the Commonwealth of Massachusetts, with a principal place of business at 116 Huntington Avenue, Boston, Massachusetts.

2. Upon Information and belief, Defendant Fred A. Nudd Corporation ("Nudd") is a New York corporation with a principal place of business at 1743 Route 104, Ontario, New York.

3. Upon Information and belief, Defendant Granite States Insurance Company ("Granite") is a duly organized Pennsylvania insurance company with a principal place of business at 70 Pine Street, New York, New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to M.G.L. c. 223A, § 3(a), because each of the defendants is transacting business within the Commonwealth of Massachusetts; and under M.G.L. c. 223A, § 3(f), because Granite is contracting to provide insurance within the Commonwealth of Massachusetts.

5. Venue is proper because the plaintiff maintains its principal place of business within Suffolk County.

## FACTS

6. During the course of the period including June 1998, through October 1999, ATC's predecessor in interest, Unisite, Inc. ("Unisite") purchased numerous self-supporting antenna towers, known as "monopoles" from Defendant Nudd. See invoices, true and accurate copies of which are attached hereto as Exhibit A.

7. Pursuant to the purchase agreements, Nudd delivered the monopoles to various leased and owned sites upon which Unisite would erect the monopoles and rent out antenna space to various tenants.

8. Nudd Invoice number 20162 on September 3, 1998 represents a ninety-foot, five-carrier monopole that was shipped to Unisite site number 48076 in Waquoit, Massachusetts.

9. Although the monopoles purchased by Unisite were of various heights, all were represented as having the ability to support 5 carriers, which represent the number of tenants and their antennas the monopole could support.

10. Nudd represented to Unisite the ability of its monopoles to carry up to five tenants in order to induce Unisite to purchase its products.

11. The ability to provide space for 5 tenants was material to Unisite's decision to purchase the Nudd monopoles and was crucial to its ability to make a return on its investment by renting out all available tenant spaces on the monopoles at each site.

12. On or about January 13, 2000, Unisite and ATC merged, with ATC assuming all rights associated with Unisite's assets and properties, including the monopoles purchased from Nudd.

13. On or about January 2001, during an ATC analysis of a Nudd monopole prior to installing a new tenant, ATC discovered a flaw in the monopole, rendering it unable to support the indicated five tenants and further rendering the monopole unsafe for further development.

14. ATC's analysis of the monopoles resulted in a finding that the monopole base plates were overstressed by at least 180%, thus failing to meet E.I.A. standards and requirements.

15. ATC's analysis further revealed that the over-stress of the monopole base plates was a result of negligent design by Nudd, which failed to discover and correct faulty calculations by its design engineer.

#413919                                3

16. The over-stress of the monopole was occurring at only a two to three tenant loading, far from the five tenant loading the monopole was allegedly designed to carry and was represented to Unisite as having the ability to carry.

17. The design flaw was not discovered prior to January 2001 because, until that period, Unisite had focused on the acquisition of sites and monopoles rather than securing of tenants. ATC began capitalizing on the sites in its portfolio after the Unisite merger and began to secure tenants to completely fill the monopole tenant spaces on its sites.

18. On or about January 22, 2001, ATC contacted Nudd regarding the failure of the monopoles and the loss of the additional tenant space and revenue on each monopole suffered by ATC.

19. On or about February 5, 2001, ATC shared its analysis and review of a sample of Nudd monopoles with Nudd's engineers.

20. Nudd's monopole design failed to apply the appropriate gust response factors and failed to incorporate P-delta effects as required by the E.I.A standards.

21. In addition to the base-plate over-stress, as a result of the design flaw, the monopole shafts and the foundations laid by Unisite and ATC have experienced damage and stress as well.

22. As a result of Nudd's negligent design, ATC's property experienced a loss, i.e. the ability to support five tenants as well as the structural damage to the poles, base-plates and foundations.

#413919                                    4

23. Because of the monopoles' inability to support the five tenants that they were represented to carry, ATC experienced lost revenue as tenants had to be turned away from potential development sites.

24. ATC's engineers spent numerous hours in the review and analysis of the Nudd monopole design flaw which caused further loss to ATC.

25. ATC hired a third-party to review the monopole design issues and which suggested a solution to retrofit the monopoles in order to attempt to correct the over-stress and inability to hold five tenants, thus incurring further expenses as a result of Nudd's negligent design.

26. ATC and its third-party reviewer came to the conclusion that the Nudd monopoles may be as much as 32% under-designed for their intended and represented use.

27. In the course of ATC's discussions with Nudd over the period of February 2001 through May 2001, Nudd committed and represented on numerous occasions that it would fix all of the problems associated with its product and the faulty design.

28. Nudd proposed to adopt the third-party's solution to "gusset" the monopoles as a means to correct over-stress.

29. Nudd's solution may fix the base-plate over-stress, but does not address pole or foundation stress or damage.

30. Nudd's retrofitting solution does not fully correct design deficiencies of the monopoles and Nudd's monopoles as corrected by the retrofit remain damaged and under-designed and unable to sustain the full loading of five carriers as represented by Nudd when the monopoles were initially purchased.

31. ATC consistently represented to Nudd that it was losing revenue due to the fact that it could not place five tenants on each monopole and further submitted a "priority" list to Nudd of monopoles that needed the retrofitting work performed immediately to accommodate tenant demand.

32. ATC has identified at least forty-one Nudd monopoles in its site portfolio.

33. ATC continues to identify and review monopoles in its site portfolio, discovering the damage and overstress to the monopole, base and foundation.

34. To date, despite ATC's demands to have monopole retrofitting completed expeditiously, only twenty-one monopoles have been retrofitted, and of those, only fifteen have had the work performed by Nudd.

35. Despite numerous demands by ATC to Nudd to promptly complete all retrofitting work, Nudd failed to retrofit all of the monopoles owned by ATC and failed to maintain a crew of workers to complete retrofitting work for ATC.

36. Nudd was consistently late in preparing the redesigns and engineered drawings necessary for the retrofitting work to be performed on the monopoles, causing further delay and damage to ATC.

37. Despite numerous notices from ATC, Nudd failed to cure its defaults of the agreement between it and ATC regarding the repair and retrofitting of the monopoles.

38. Despite numerous notices and requests from ATC, Nudd has failed to honor the warranties on its products, which have failed to support the five carriers as represented and which have further failed to support the five carriers which they were allegedly designed and intended to support.

39. As a result of Nudd's delays in performing the retrofitting work, ATC had to independently secure and pay for contractors and materials for the retrofitting work.

40. ATC had to further hire an additional independent analyst to review and certify any repair work performed by Nudd on the monopoles.

41. Due to Nudd's delays in repairing the monopoles, ATC continues to suffer lost revenue and lost tenants who could not be accommodated on ATC's monopoles due to their inability to hold five carriers or the damage sustained by the monopoles, base plate or site foundation.

42. Due to the failure of the retrofitting solution to adequately correct the design deficiency of the Nudd monopoles and the resulting damage to ATC's base-plates and foundations, ATC will need to replace all Nudd monopoles in its portfolio in order to achieve the ability to support up to five tenants at each site location.

43. The average cost to remove all existing tenants and damaged monopoles, base plates and foundations and replace same with new monopoles, base plates and foundations including all associated engineering, architectural and legal and permitting costs may be as much as $125,000.00 per site.

44. ATC has identified at least 41 monopole sites which are in need of replacement to correct the design deficiencies, stress and damage that occurred due to Nudd's actions and omissions, the cost of which may be as much or more than $5,125,000.00, not including additional expenses incurred in the review, analysis and retrofitting of the existing damaged and deficient monopoles and lost revenue due to the inability to place five tenants on the damaged and deficient monopoles.

45. On or about June 17, 2002, a demand letter was sent to Nudd and was subsequently forwarded to Granite on or about August 28, 2002, providing notice of the actual claim by ATC against Nudd.

46. As a result of Nudd's failure to repair or replace its defective poles and remedy all damages due to the defective design, ATC continues to suffer damages as a result of Nudd's defective monopoles and the subsequent damage to the monopole bases and foundations, which such damage is continually occurring and being discovered by ATC as it reviews and analyzes each monopole in its site portfolio.

### COUNT I – Breach of Contract

47. Plaintiff repeats and realleges the allegations in paragraphs 1-46 above as if fully set forth herein.

48. Nudd and ATC's predecessor in interest, Unisite agreed and contracted for the provision by Nudd of five carrier monopoles.

49. Nudd has failed to provide five-carrier monopoles as agreed upon in the parties' contract and as paid for by ATC's predecessor in interest, Unisite.

50. Nudd has, in fact, delivered faulty and damaged goods to ATC and its predecessor in interest, Unisite in breach of the parties' agreement.

51. ATC and its predecessor in interest, Unisite, have complied with all contractual requirements and have paid Nudd in full for the supply and delivery of five-carrier monopoles.

52. Nudd's failure to provide five-carrier monopoles has and will continue to cause ATC loss and damage.

53. ATC has suffered damages in the investigation, monitoring and repair of the monopoles as well as significant lost revenue.

WHEREFORE, ATC demands judgment against Nudd and its insurer in the amount of all damages suffered together with interest, costs, and attorney's fees.

### COUNT II – Fraudulent Misrepresentation

54. Plaintiff repeats and realleges the allegations in paragraphs 1-53 above as if fully set forth herein.

55. Unisite decision to purchase Nudd's product was a direct result of Nudd's representation regarding its monopoles' ability to support five carriers.

56. Unisite's decision to purchase Nudd's monopoles was induced by Nudd's representation regarding its products ability to support five carriers.

57. Nudd's products, in fact, do not have the ability to support five carriers despite its representations to Unisite.

58. Nudd has further represented that it will repair all monopoles so that they may support five carriers, which the monopoles may never be able to support.

59. Nudd's representations regarding its product and its ability to deliver a five-carrier monopole have and will continue to cause ATC loss and damage.

60. ATC has suffered damages in the investigation, monitoring and repair of the monopoles as well as significant lost revenue.

WHEREFORE, ATC demands judgment against Nudd in the amount of all damages suffered together with interest, costs, and attorney's fees.

### COUNT III – Negligent Design

61. Plaintiff repeats and realleges the allegations in paragraphs 1-60 above as if fully set forth herein.

62. Nudd failed to use the necessary care in designing and engineering its product and failed to adhere to industry standards and failed to apply necessary gust response factors and P-delta effects, resulting in a faulty design.

63. Nudd's monopoles fail to comply with their intended use and ability to support five carriers.

64. Nudd has acknowledged that its design is defective and that it has provided Unisite and ATC with monopoles that cannot support five carriers.

65. As a result of Nudd's defective design, ATC has suffered damages in the investigation, monitoring and repair of the monopoles as well as significant lost revenue.

WHEREFORE, ATC demands judgment against Nudd and its insurer in the amount of all damages suffered together with interest, costs, and attorney's fees.

### COUNT IV – Breach of Express and Implied Warranties

66. Plaintiff repeats and realleges the allegations in paragraphs 1-65 above as if fully set forth herein.

67. In connection with Unisite's purchase of the Nudd monopoles, Nudd represented and warranted that its product would support five carriers and be free of defects or flaws.

68. Nudd's monopoles were designed and intended to support up to five carries.

69. Nudd's product fails to support five carriers and experiences over-stress when loaded with two to three carriers.

70. Despite ATC's numerous requests, Nudd has failed to repair or replace all of its defective monopoles in ATC's site portfolio.

71. Nudd has breached the express and implied warranties in connection with its monopoles.

72. Nudd's failure to provide five-carrier monopoles has and will continue to cause ATC loss and damage.

73. ATC has suffered damages in the investigation, monitoring and repair of the monopoles as well as significant lost revenue.

WHEREFORE, ATC demands judgment against Nudd and its insurer in the amount of all damages suffered together with interest, costs, and attorney's fees.

## COUNT V – 93A

74. Plaintiff repeats and realleges the allegations in paragraphs 1-73 above as if fully set forth herein.

75. At all times relevant to this Complaint, ATC and Nudd were involved in trade and commerce within the Commonwealth of Massachusetts.

76. Nudd's provision of defective monopoles and its subsequent failure to timely address and remedy the faulty monopoles to the detriment of ATC, despite its knowledge of ATC's continuing loss constitutes an unfair and deceptive act and practice as prohibited by M.G.L. c. 93A.

WHEREFORE, ATC demands judgment against Nudd in the amount of all damages it has suffered as a result of Nudd's unfair and deceptive acts and practices as well as multiple damages; that ATC be awarded its attorney's fees, costs and interest together with such other relief as is just and equitable.

Dated: November 4, 2003

Plaintiff:

AMERICAN TOWER CORPORATION

By its attorneys:

_____
Doreen M. Zankowski (BBO#558381)
Jeremy Blackowicz (BBO# 650945)
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109
(617) 345-9000

. HEREBY ATTEST AND CERTIFY ON

DEC. 10, 2003, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK.

#413919                           12

ヨy A



**FRED A. NUDD CORPORATION**
P.O. BOX 577
1743 Route 104
Ontario, New York 14519
(315) 524-2531
Fax (315) 524-4249

RCO 7/7

INVOICE NUMBER: 19940

INVOICE DATE: 6/24/98

.D TO:  UNISITE
3450 BUSCHWOOD PARK DRIVE
SUITE 250
TAMPA, FL  33618
USA

Ship To:
METRO WELDING, DETROIT, MI
SITE 48100   DE 02018A

ENTERED JUL - 8 1998

| CUSTOMER ID | PURCHASE ORDER | PAYMENT TERMS | PAGE |
|---|---|---|---|
| UNISIT1 | 3491 | 1% 15, Net 30 Days | 1 |

| QUANTITY | ITEM NUMBER | DESCRIPTION | UNIT PRICE | EXTENSION |
|---|---|---|---|---|
| 1.00 | 4605 | SHIPPING OF ANCHOR BOLTS | 360.83 | 360.83 |
| 1.00 | 1460 | SHIPPING OF POLE | 800.00 | 800.00 |
| 1.00 | | PROVIDE 150' MONOPOLE | 24,440.00 | 24,440.00 |
| 1.00 | | PROVIDE 16' LO PRO PLATFORM | 3,000.00 | 3,000.00 |

OK t Pay
P. Spm
# 48100

|  |  |
|---|---|
| Subtotal | 28,600.83 |
| Sales Tax |  |
| Total Invoice Amount | $28,600.83 |
| Payment Received | 0.00 |

Check No: 009419
7/31/98

| TOTAL | $28,600.83 |
|---|---|

If tax exempt please forward a certificate with payment.