UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2003 DEC 16  P 2: 34

CIVIL ACTION NO.
03-12469 DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| AMERICAN TOWER CORPORATION<br>Plaintiff,<br><br>v.<br><br>FRED A. NUDD CORPORATION, and<br>GRANITE STATE INSURANCE COMPANY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION OF THE DEFENDANT, GRANITE STATE INSURANCE COMPANY, TO DISMISS ALL COUNTS OF THE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

### INTRODUCTION

The defendant, Granite State Insurance Company ("Granite State"), respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) that this Court grant its motion to dismiss all counts of the plaintiff's Complaint for failure to state a claim. The grounds for this Motion are as follows:

1. The plaintiff, American Tower Corporation ("ATC"), asserts five counts against the defendants, Fred A. Nudd Corporation ("Nudd") and Granite State for breach of contract, fraudulent misrepresentation, negligent design, breach of express and implied warranties, and violation of M.G.L. ch. 93A. The plaintiff's Complaint arises out of the purchase and use by ATC's alleged predecessor, Unisite, Inc., of cellular telephone antennae towers, known as "monopoles", sold by Nudd.

ATC alleges that some monopoles sold by Nudd are defective because they purportedly do not meet certain standards for stress loads. ATC further alleges that Granite State is Nudd's insurer. A copy of the plaintiff's Complaint is attached as Exhibit "A" to Granite State's Memorandum of Law In Support of its Motion to Dismiss.

2.  Although the plaintiff asserts five causes of action against Nudd and Granite State, the only allegations contained in the plaintiff's Complaint that mention Granite State by name are found in paragraphs 3 and 45 of the plaintiff's Complaint.

3.  Paragraph 3 states: "Upon information and belief, Defendant Granite States (sic.) Insurance Company ("Granite") is a duly organized Pennsylvania insurance company with a principal place of business at 70 Pine Street, New York, New York."

4.  Paragraph 45 states: "On or about June 17, 2002, a demand letter was sent to Nudd and was subsequently forwarded to Granite on or about August 28, 2002, providing notice of the actual claim by ATC against Nudd."

5.  Other than these two allegations, the plaintiff's Complaint simply "demands judgment against Nudd and its insurer" under Count I ("Breach of Contract"), Count III ("Negligent Design"), and Count IV ("Breach of Express and Implied Warranties"). All of the remaining allegations found in the plaintiff's Complaint pertain entirely to Nudd.

6. When confronted with a Rule 12(b)(6) motion to dismiss, the Court must accept as true all factual allegations in the plaintiff's Complaint and construe all reasonable inferences in favor of the plaintiff. Schwartz v. Brodsky, 265 F.Supp.2d 130, 131 (D.Mass. 2003).

7. A dismissal for failure to state a claim is warranted only if it appears clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id.

8. Even if the two allegations found in paragraphs 3 and 45 are accepted as true, these facts do not support the plaintiff's claims against Granite State for breach of contract, fraudulent misrepresentation, negligent design, breach of express and implied warranties, and violation of M.G.L. ch. 93A.

9. In addition, all counts under the plaintiff's Complaint against Granite State must be dismissed because the plaintiff has improperly brought a direct action against Granite State, Nudd's insurer, without having first recovered final judgment against its insured, Nudd. See Modern Continental Construction Co., Inc. v. United Capital Ins. Co., 1990 WL 44149, * 1 (D.Mass.).

10. Pursuant to Local Rule 7.1(B)(1), a Memorandum of Law with citations to supporting authorities is attached hereto and incorporated herein.

WHEREFORE, the defendant, Granite State Insurance Company, requests that this Honorable Court:

A. Grant the Motion of the Defendant, Granite State Insurance Company, to Dismiss All Counts of the Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6); and

B. Grant such other and further relief as this Court deems fair and just.

THE DEFENDANT,
GRANITE STATE INSURANCE
COMPANY
By its Attorneys,

Craig R. Waksler
B.B.O. # 566087
Eric M. Chodkowski
B.B.O. # 648629
TAYLOR, DUANE, BARTON
  &amp; GILMAN, LLP
111 Devonshire Street
Boston, MA 02109
(617) 654-8200

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that prior to filing this motion, I conferred with counsel for American Tower Corporation, regarding the subject matter of this motion. We were unable to resolve or narrow the issues raised within this motion. Therefore, we file this motion with the Court for resolution of the issues contained herein.

Eric M. Chodkowski

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on December 16, 2003.

Eric M. Chodkowski