UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
03-12469 JLT

AMERICAN TOWER CORPORATION )
Plaintiff, )
)
)
v. )
)
FRED A. NUDD CORPORATION, and )
GRANITE STATE INSURANCE COMPANY )
)
Defendants. )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE DEFENDANT, GRANITE STATE INSURANCE COMPANY, TO DISMISS ALL COUNTS OF THE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

### INTRODUCTION

The plaintiff, American Tower Corporation ("ATC"), asserts five counts against the defendants, Fred A. Nudd Corporation ("Nudd") and Granite State Insurance Company ("Granite State") for breach of contract, fraudulent misrepresentation, negligent design, breach of express and implied warranties, and violation of M.G.L. ch. 93A. The plaintiff's Complaint arises out of the purchase and use by ATC's alleged predecessor, Unisite, Inc., of cellular telephone antennae towers, known as "monopoles", sold by Nudd. ATC alleges that some monopoles sold by Nudd are defective because they purportedly do not meet certain standards for stress loads. ATC further alleges that Granite State is Nudd's insurer. A copy of the plaintiff's Complaint is attached hereto as Exhibit "A."

Although the plaintiff asserts five causes of action against Nudd and Granite State, the <u>only</u> allegations contained in the plaintiff's Complaint that mention Granite State by name are found in paragraphs 3 and 45 of the plaintiff's Complaint. Paragraph 3 states: "Upon information and belief, Defendant Granite States (sic.) Insurance Company ("Granite") is a duly organized Pennsylvania insurance company with a principal place of business at 70 Pine Street, New York, New York." Paragraph 45 states: "On or about June 17, 2002, a demand letter was sent to Nudd and was subsequently forwarded to Granite on or about August 28, 2002, providing notice of the actual claim by ATC against Nudd."

Other than these two allegations, the plaintiff's Complaint simply "demands judgment against Nudd and its insurer" under Count I ("Breach of Contract"), Count III ("Negligent Design"), and Count IV ("Breach of Express and Implied Warranties"). All of the remaining allegations found in the plaintiff's Complaint pertain entirely to Nudd.

Even if the two allegations found in paragraphs 3 and 45 are accepted as true, these facts do not support the plaintiff's claims against Granite State for breach of contract, fraudulent misrepresentation, negligent design, breach of express and implied warranties, and violation of M.G.L. ch. 93A. Accordingly, all counts under the plaintiff's Complaint must be dismissed as to Granite State for failure to state a claim upon which relief may be granted. In addition, all counts under the plaintiff's Complaint against Granite State must be dismissed because the plaintiff has

improperly brought a direct action against Granite State, Nudd's insurer, without

having first recovered final judgment against its insured, Nudd.

## ARGUMENT

1. **Pursuant to Fed. R. Civ. P. 12(b)(6), all counts of the plaintiff's Complaint must be dismissed as against the defendant, Granite State Insurance Company, because the plaintiff has alleged no facts to support its claim.**

When confronted with a Rule 12(b)(6) motion to dismiss, the Court must

accept as true all factual allegations in the plaintiff's Complaint and construe all

reasonable inferences in favor of the plaintiff. Schwartz v. Brodsky, 265 F.Supp.2d

130, 131 (D.Mass. 2003. A dismissal for failure to state a claim is warranted only if it

appears clear that no relief could be granted under any set of facts that could be

proved consistent with the allegations. Id. Despite this low threshold, the pleading

requirement is "not entirely a toothless tiger." Swartz v. Schering-Plough Corp., 53

F.Supp.2d 95, 99 (D.Mass. 1999) quoting Dartmouth Review v. Dartmouth College,

889 F.2d 13, 16 (1st Cir. 1989). In order to survive a motion to dismiss, the plaintiff

must set forth "factual allegations, either direct or inferential, regarding each material

element necessary to sustain recovery." Id.

In this case, the plaintiff's Complaint contains only two specific allegations

against Granite State. Neither of these allegations, however, would support any of

the plaintiff's purported claims against Granite State. In fact, even under the liberal

notice pleading standard, the plaintiffs' Complaint is utterly silent as to any other facts

that would warrant liability against Granite State under the theories of breach of

contract, fraudulent misrepresentation, negligent design, breach of express and

3

implied warranties, violation of M.G.L. ch. 93A, or any other theories of liability for that matter.

### A. The plaintiff's claim for breach of contract against Granite State must be dismissed because the plaintiff did not have nor has it alleged that it had a contract with Granite State.

For example, to state a claim for breach of contract, "a plaintiff must allege, at a minimum, that there was a valid contract, that the defendant breached its duties under the contractual agreement, and that the breach caused the plaintiff damage." See Moghaddam v. Dunkin' Donuts, Inc., 2003 WL 22519474, *3 (D.Mass.) quoting Guckengerger v. Boston Univ., 957 F.Supp. 306, 316-317 (D.Mass. 1997), a copy of which is attached hereto as Exhibit "B." The plaintiff's Complaint, however, fails to allege the threshold requirement for this cause of action, i.e., that it had a contract with Granite State. Accordingly, the plaintiff's claim for breach of contract against Granite State must be dismissed for failure to state a claim.

### B. Because the plaintiff's Complaint fails to allege that Granite State made any misrepresentation to the plaintiff, the plaintiff's claim for fraudulent misrepresentation is unable to meet the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure and the plaintiff's claim for fraudulent misrepresentation against Granite State must be dismissed.

"To survive a motion to dismiss under Massachusetts law, a plaintiff claiming fraudulent misrepresentation must allege that the defendant 1) made a false representation of material fact, 2) with knowledge of its falsity, 3) for the purpose of inducing the plaintiff to act thereon, and 4) that the plaintiff relied upon the statement to his or her detriment." See Johnson v. Brown & Williamson Tobacco

Corp., 122 F.Supp.2d 194, 207 (D.Mass. 2000). In addition, Rule 9(b) of the Federal Rules of Civil Procedure states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." The First Circuit has interpreted Rule 9(b) to require "specification of the time, place, and content of an alleged false representation ..." Doyle v. Hasbro, Inc., 103 F.3d 186, 184 (1st Cir. 1996) quoting McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980).

In this case, the plaintiff's Complaint has failed to plead any of the elements of fraud as against Granite State. Nowhere in the Complaint has the plaintiff's claimed that Granite State made any false representation of material facts which the plaintiff relied on to its detriment. In fact, the plaintiff's Complaint is altogether void of any allegations of any statements that Granite State made to it period. Because the plaintiff's Complaint is unable to even allege generally that Granite State made any misrepresentation to it, the plaintiff's claim for fraudulent misrepresentation has failed to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and the plaintiff's claim for fraudulent misrepresentation against Granite State must be dismissed for failure to state a claim.

**C.    The plaintiff's claim for negligent design against Granite State must be dismissed because Granite State is not a manufacturer, but an insurance company.**

In Massachusetts, manufacturers have a "duty to design products so that they are reasonably fit for the purposes for which they are intended." See Johnson, 122

F.Supp.2d at, 205 quoting Smith v. Ariens Co., 375 Mass. 620, 624 (1978).  It is

obvious that a claim for negligent design is intended against manufacturers, and not

insurance companies like Granite State.  Because the plaintiff's Complaint fails to

allege nor can it allege that Granite State is a manufacturer, the plaintiff's claim for

negligent design against Granite State must be dismissed for failure to state a claim.

**D.**     **The plaintiff's claim for breach of express and implied warranties against Granite State must be dismissed because Granite State is not a seller of goods, but an insurance company.**

Under Massachusetts law, express warranties arise from affirmations of fact or

promises made by sellers relating to their goods, as well as descriptions or samples of

the goods.  See M.G.L. ch. 106, § 2-313.  Similarly, under M.G.L. ch. 106, § 2-

314(2)(c), a seller impliedly warrants that a product is "fit for the ordinary purposes

for which such goods are used."  "Under M.G.L. ch. 106, § 2-315, the implied

warranty of fitness for a particular purpose arises when 1) the seller had reason to

know of the particular purpose for which the buyer required the goods, 2) the seller

had reason to know of the buyer's reliance on the seller's skill or judgment in

selecting or furnishing suitable goods, and 3) the buyer relied in fact."  See Johnson,

122 F.Supp.2d at, 207.

Again, the claims for breach of express and implied warranties are intended

against sellers of goods, not insurance companies.  Because the plaintiff's Complaint

fails to allege nor can it allege that Granite State is a seller of any products or goods,

the plaintiff's claim for breach of express and implied warranties against Granite State

must be dismissed for failure to state a claim.

6

E.   **The plaintiff's claim for violation of M.G.L. ch. 93A against Granite State must be dismissed because the plaintiff has failed to allege that Granite State committed any unfair or deceptive acts or practices in violation of M.G.L. ch. 93A.**

As stated above, the plaintiff's Complaint simply alleges that Granite State is an insurance company, and that the plaintiff sent a demand letter to Nudd which was subsequently forwarded to Granite State. See Paragraphs 3 and 45 of the plaintiff's Complaint. The plaintiff's Complaint alleges nothing further. Based on the allegations stated within the plaintiff's Complaint, the plaintiff has failed to allege that Granite State committed any unfair or deceptive acts or practices under M.G.L. ch. 93A. Similarly, it would be unreasonable to infer from these two allegations that Granite State committed any unfair or deceptive acts or practices when it purportedly received notice of ATC's claim against Nudd on or about August 28, 2002. Accordingly, the plaintiff's claim for violation of M.G.L. ch. 93A must be dismissed for failure to state a claim.

II.   **The plaintiff has improperly brought a direct action against Granite State prior to obtaining final judgment against its insured, Nudd.**

"An injured plaintiff must recover a final judgment against an insured ... prior to initiating an action against the insurer ... which issued a liability policy to the insured wrongdoer." See Modern Continental Construction Co., Inc. v. United Capital Ins. Co., 1990 WL 44149, *1 (D.Mass.), a copy of which is attached hereto as Exhibit "C." In this case, the plaintiff filed a direct action against Granite State contemporaneously with its claims against Nudd, its insured. In fact, the plaintiff asserts the same claims against both. This, however, is improper because the plaintiff

should first recover final judgment against Nudd prior to initiating an action against Granite State. Id. Therefore, all counts under the plaintiff's Complaint against Granite State must be dismissed because the plaintiff has improperly brought a direct action against Granite State without having first recovered final judgment against Nudd, its insured.

## CONCLUSION

For all of the reasons set forth above, the defendant, Granite State Insurance Company, respectfully requests that this Court dismiss all counts of the plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

THE DEFENDANT,
GRANITE STATE INSURANCE
COMPANY
By its Attorneys,

Craig R. Waksler
B.B.O. # 566087
Eric M. Chodkowski
B.B.O. # 648629
TAYLOR, DUANE, BARTON
& GILMAN, LLP
111 Devonshire Street
Boston, MA  02109
(617) 654-8200