UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12469-JLT

| | |
|---|---|
| AMERICAN TOWER CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FRED A. NUDD CORPORATION, and ) <br> GRANITE STATES INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) | **DEFENDANT FRED A. NUDD CORPORATION'S ANSWER TO COMPLAINT AND JURY DEMAND** |

Defendant Fred A. Nudd Corporation ("Nudd") submits the following Answer to plaintiff's Complaint and Jury Demand:

## INTRODUCTION

Nudd denies any breach of contract, negligent design, fraudulent misrepresentation of its product, breach of the express and implied warranties, or violation of M.G.L. c. 93A. To the extent that the allegations contained in the introduction to plaintiff's Complaint require further response, the allegations are denied.

Nudd responds to each of the separately numbered paragraphs of the Complaint as follows:

## PARTIES

1. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Admitted.

3.  Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

4.  Denied.

5.  Denied.

## FACTUAL ALLEGATIONS

6.  Nudd admits that during the period June 1998 through October 1999, Unisite, Inc. purchased antenna towers known as "monopoles" from Nudd. At this time, Nudd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7.  Nudd admits that in some instances, at the request of Unisite, it arranged for delivery of monopoles, but Nudd denies it was obligated to do so pursuant to the sale agreements, which provided that the monopoles were sold to Unisite f.o.b. Ontario, New York. Nudd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

8.  Nudd admits that Invoice number 20162 bears the date September 3, 1998, and identifies a ninety foot monopole. At this time, Nudd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9.  Nudd admits that the monopoles purchased by Unisite were of various heights and that it represented to Unisite the ability of its monopoles to meet the specifications and plans agreed to by the parties. Except as expressly admitted, the allegations in Paragraph 9 are denied.

10. Nudd admits that it represented to Unisite the ability of its monopoles to meet the specifications and plans agreed to by the parties. Except as expressly admitted, the allegations in Paragraph 10 are denied.

11. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Denied.

14. Nudd denies the allegation in Paragraph 14 that monopoles it sold to Unisite failed to meet E.I.A. standards and requirements. Nudd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. Nudd denies the allegations in Paragraph 15 that its monopoles were negligently designed and that its design engineer's calculations were faulty. Nudd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Nudd denies the allegation in Paragraph 17 that its monopole design was flawed. Nudd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18. Nudd admits that on or about January 22, 2001, ATC contacted Nudd. Except as expressly admitted, the allegations in Paragraph 18 are denied.

19. Admitted.

20. Denied.

21. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Denied.

23. Denied.

24. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Nudd denies the allegation in Paragraph 25 that its monopole design was negligent. Nudd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25.

26. Nudd denies the allegation in Paragraph 26 that its monopoles are under-designed for their intended and represented use. Nudd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27. Nudd admits that, as a matter of good will and at plaintiff's request, it told plaintiff that it would modify base plates. Except as expressly admitted, the allegations in Paragraph 27 are denied, including the allegation that Nudd had a legal obligation to perform such modifications.

28. Denied.

29. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Denied.

31. Denied.

32. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Nudd admits it has performed work on fifteen monopoles purchased by Unisite. Nudd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Denied.

42. Denied.

43. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Denied.

45. Nudd admits that on or about June 17, 2002, ATC sent a letter to Nudd. The letter speaks for itself, and Nudd denies the allegations of Paragraph 45 to the extent they are inconsistent therewith. Nudd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45.

46. Denied.

## COUNT I

47. Nudd incorporates its responses to the allegations of Paragraphs 1 through 46 of the Complaint as if set forth fully herein.

48. Nudd admits that it contracted with Unisite for the provision by Nudd of monopoles that met the specifications agreed to by the parties. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegation that Unisite is ATC's predecessor in interest. Except as expressly admitted, the remaining allegations in Paragraph 48 are denied.

49. Denied.

50. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegation that Unisite is ATC's predecessor in interest. The remaining allegations in Paragraph 50 are denied.

51. Nudd admits that it has been paid in full for the monopoles sold to Unisite. Nudd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51.

52. Denied.

53. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

## COUNT II

54. Nudd incorporates its responses to the allegations of Paragraphs 1 through 53 of the Complaint as if set forth fully herein.

55. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

## COUNT III

61. Nudd incorporates its responses to the allegations of Paragraphs 1 through 60 of the Complaint as if set forth fully herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT IV

66. Nudd incorporates its responses to the allegations of Paragraphs 1 through 65 of the Complaint as if set forth fully herein.

67. Nudd warranted the monopoles sold to Unisite for a period of one year against defects in materials and workmanship. Except as expressly admitted, the allegations in Paragraph 67 are denied.

68. Admitted.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Nudd is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

## COUNT V

74. Nudd incorporates its responses to the allegations of Paragraphs 1 through 73 of the Complaint as if set forth fully herein.

75. Nudd denies that any trade and commerce between itself and ATC took place within the Commonwealth of Massachusetts.

76. Denied.

## DEFENSES

### First Defense

This action should be dismissed in whole or in part for lack of personal jurisdiction.

### Second Defense

This action should be dismissed for improper venue.

### Third Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and contractual limitations periods for commencing an action.

### Fourth Defense

Plaintiff's claims are barred by the unreasonable use doctrine.

### Fifth Defense

Plaintiff's claims are barred in whole or in part as a result of its own negligence.

### Sixth Defense

Count II of plaintiff's Complaint should be dismissed for failure to plead with particularity.

### Seventh Defense

Plaintiff's claims are barred in whole or in part because the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice did not occur primarily and substantially within Massachusetts.

### Eighth Defense

Plaintiff's claims are barred in whole or in part due to lack of privity.

### Ninth Defense

Plaintiffs' claims are barred in whole or in part by their failure to mitigate damages.

### Tenth Defense

Plaintiff's claims are barred because plaintiff approved in advance the monopole specifications and plans provided by Nudd.

### Eleventh Defense

Plaintiff's claims are barred by estoppel.

### Twelfth Defense

Plaintiff's claims are barred in whole or in part by the economic loss rule.

### Thirteenth Defense

To the extent that Nudd was required to perform warranty work, Nudd was relieved of any such obligation by plaintiff's actions in making such performance impractical and/or impossible.

### Fourteenth Defense

Nudd's warranty obligations, if any, were voided by the improper installation and/or use of the monopoles.

### Fifteenth Defense

If the subject monopoles were negligently designed or defective, such negligence or defect was not the proximate cause of plaintiff's alleged damages.

### Sixteenth Defense

Plaintiff's warranties claims are barred by the failure to give timely notice.

Nudd reserves the right to assert additional defenses as may become apparent through discovery or at trial.

### **DEMAND FOR JURY TRIAL**

Nudd demands a trial by jury on all issues so triable.

FRED A. NUDD CORPORATION,

By its attorneys,

/s/ Thomas W. Aylesworth
Nelson G. Apjohn (BBO #020373)
Thomas W. Aylesworth (BBO #630994)
Amanda S. Rosenfeld (BBO #654101)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 439-2000

Dated: December 18, 2003