## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN TOWER CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRED A. NUDD CORPORATION and )<br>GRANITE STATE INSURANCE )<br>COMPANY, )<br>)<br>Defendants. )<br>) | C.A. No. 03-12469-JLT |

### AMERICAN TOWER CORPORATION'S OPPOSITION TO GRANITE STATE INSURANCE COMPANY'S MOTION TO DISMISS

Plaintiff, American Tower Corporation ("ATC"), respectfully requests that this Honorable Court deny the Motion of Defendant, Granite State Insurance Company ("Granite") to Dismiss All Counts of the Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's claims are for the recovery of loss resulting from Defendant, Fred A. Nudd Corporation's ("Nudd"), defective products and breach of obligations to ATC and its predecessor in interest, which resulted in, *inter alia*, damage to ATC's property. Granite is the issuer of an insurance policy to Nudd, under the terms of which, ATC's claim is entitled to coverage. The grounds for this Opposition are as follows:

1. A Motion to Dismiss may be granted only when the Plaintiff has failed to state a claim upon which relief can be granted. This standard is extremely high; the Court "must accept as true the factual allegations of the complaint [and] construe all reasonable inferences therefrom in favor of the plaintiff." Beddall v. State Street Bank and Trust, Co., 137 F.3d 12, 16 (1st Cir. 1998). Moreover, the Court may not dismiss the claim unless it appears beyond doubt that

plaintiff can prove no set of facts in support of its claim which would entitle him to relief. Fed. R. Civ. P. 12(b)(6); Branch v. F.D.I.C., 825 F. Supp. 384, 392 n.3 (D. Mass. 1993); Colby v. Hologic, Inc., 817 F. Supp. 204, 209 (D. Mass. 1993).

2. Prior to initiating this lawsuit, ATC inquired of Nudd as to its insurance carriers and further corresponded with a claim agent for Granite, requesting information as to the policy and coverage for ATC's claim. See Affidavit of Jeremy Blackowicz at Exhibits 1, 2 and 3. Despite the requests, no information regarding the policy or coverage was provided by Defendants. On January 8, 2004, Nudd provided ATC with copies of the Granite insurance policy. See Blackowicz Aff. at Exhibit 4. The Policy provides as follows:

> PRODUCTS-COMPLETED OPERATIONS LIABILITY COVERAGE PART
> 1. Insuring Agreement
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" included within the "products-completed operations hazard" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent... We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result...
>
> (Endorsement – New York Changes – Products/Completed Operations Liability Coverage Form)
>
> 14. Products-completed operations hazard":
>     a. Includes all "bodily injury" or "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work"...
>
> 18. "Your Product" means:
>     a. Any goods or products, other than real property, manufactured, sold handled, distributed or disposed of by:
>        (1) You;...
>     "Your product" includes:
>     9. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"...

Thus, under the terms of Granite's policy with Nudd, it is liable for damage to ATC's property resulting from not only Nudd's defective product, but includes property damages resulting from Nudd's breach of warranties and negligent misrepresentations made by Nudd regarding the monopole's specifications. Under its coverage terms, Granite is liable to ATC for those damages suffered by ATC that are the result of it's insured's actions, rendering it liable under the counts asserted by ATC in the Complaint.

3. Contrary to Granite's assertion, a direct action is against an insurer is not expressly prohibited and a final judgment need not be recovered as a condition precedent to an action against Granite. Granite only source of authority in support of its positions is <u>Modern Continental Construction. Co., Inc. v. United Capital Ins. Co.</u>, 1990 WL 44149, *1 (D. Mass). As authority for its holding, the Court in this case cited to M.G.L. c. 175, §113 which provides that:

> §113. Judgment; satisfaction
>
> Upon the recovery of a final judgment against any person by any person, including executors or administrators, for any loss or damage specified in the preceding section, if the judgment debtor was at the accrual of the cause of action insured against liability therefor, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment as provided in the ninth clause of section three of chapter two hundred and fourteen.

Thus, the statute simply provides that ATC has the right to seek to apply insurance monies applied towards any judgment it may receive against Nudd. The statute does not expressly limit or prohibit suits against an insurer to recover under the terms of coverage. Therefore, due to Granite's obligations under its policy that include payment of monies to ATC for property damages suffered, ATC has viable claims against Granite to enforce coverage.

4. Should this Court disagree and determine that Granite's liability is not sufficiently clear to warrant the imposition of claims by ATC or that M.G.L. c. 175, §113 requires a

#469703 v1

3

judgment against Nudd as prerequisite to suit by ATC, then ATC respectfully requests that this Court enter the dismissal without prejudice and without costs to enable ATC to pursue its claims should judgment be entered against Nudd in the future.

        Respectfully submitted,

        **AMERICAN TOWER CORPORATION,**

        By its Attorneys,

        Doreen M. Zankowski (BBO#558381)
        Jeremy Blackowicz (BBO# 650945)
        HINCKLEY, ALLEN & SNYDER LLP
        28 State Street
        Boston, MA 02109
        Phone: (617) 345-9000

Dated: January 9, 2004

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that I caused a true copy of the above document to be served upon counsel of record in the above-captioned matter on this 9th day of January, 2004, via first-class mail, postage pre-paid.

_____
Jeremy Blackowicz, Esq.