UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12469-JLT

|   |   |
|---|---|
| AMERICAN TOWER CORPORATION, | ) |
| Plaintiff | ) |
| v. | ) |
| GRANITE STATE INSURANCE COMPANY, | ) |
| Defendant | ) |
| and | ) |
| FRED A. NUDD CORPORATION, COMPANY, | ) |
| Defendant and Third Party Plaintiff | ) |
| v. | ) |
| UNDERHILL CONSULTING ENGINEER, P.C. | ) |
| Third Party Defendant | ) |

**DEFENDANT FRED A. NUDD CORPORATION'S THIRD PARTY COMPLAINT AGAINST UNDERHILL CONSULTING ENGINEER, P.C.**

General Allegations

1. The Third Party Plaintiff Fred A. Nudd Corporation (Nudd) is a business corporation organized and existing under the laws of the State of New York with

an office and principal place of business in Williamson, County of Ontario, State of New York.

2. Upon information and belief, The Third Party Defendant Underhill Consulting Engineer, P.C. (Underhill), is a domestic professional corporation incorporated in the State of New York, with a principal place of business at 4053 Maple Road, Amherst, New York.

## COUNT I

(Indemnification)

1. Nudd realleges and incorporates by reference the allegations contained in paragraphs 1 and 2 of the General Allegations.

2. Nudd is in the business of manufacturing monopole-type towers used in the telecommunications industry. The Plaintiff, American Tower Corporation (ATC), was a purchaser of said towers and sold space to its customers for installation of their antennae on the towers. The design of Nudd's towers was submitted to the Third Party Defendant Underhill for design and engineering approval prior to construction. Said design was approved by Underhill and, in reliance upon said approvals, Nudd manufactured and furnished certain towers to the Plaintiff.

3. Following the construction of towers for the Plaintiff ATC, a dispute arose concerning whether or not the towers, as designed, conformed with the buyers' specifications and industry standards. A dispute also arose as to whether or not the towers could safely accommodate the number of antennae which they were designed to hold.

4. The Plaintiff ATC commenced the instant action against Nudd and its insurer, wherein it seeks recovery for, among other things, breach of contract misrepresentation, negligent design, breach of warranty and G.L.c.93A as a result of the aforementioned allegations. The action was originally commenced in Suffolk Superior Court and subsequently removed to the United States District Court for the District of Massachusetts. A copy of said complaint is attached as Exhibit "A".

5. Nudd has denied the material allegations of said complaint.

6. In the event that the Plaintiff recovers judgment against Nudd in this action, then the Third Party Defendant Underhill is liable to Nudd for all sums that may be adjudged against Nudd.

WHEREFORE, Nudd demands judgment against the Third Party Defendant Underhill for all sums that may be adjudged against Defendant Nudd in favor of Plaintiff ATC.

## COUNT II

(Contribution)

1. The Third Party Defendant Nudd realleges and incorporates by reference the allegations contained in paragraphs 1 and 2 of the General Allegations and paragraphs 1 through 6 of Count I.

2. In the event that the Plaintiff ATC should recover any judgment against Nudd herein, the Third Party Plaintiff Nudd will be entitled to judgment against the Third Party Defendant Underhill for contribution for all such damages awarded to the Plaintiff herein.