UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 03-12469-JLT

| | |
|---|---|
| AMERICAN TOWER CORPORATION, | ) |
| Plaintiff, | ) |
| vs. | ) |
| GRANITE STATE INSURANCE COMPANY, | ) |
| Defendant, | ) |
| and | ) |
| FRED A. NUDD CORPORATION, | ) |
| Defendant and Third-party plaintiff, | ) |
| vs. | ) |
| UNDERHILL CONSULTING ENGINEER, P.C. | ) |
| Third-party defendant. | ) |

## ANSWER TO THIRD-PARTY COMPLAINT

For answer to the third-party complaint of defendant and third-party plaintiff Fred A. Nudd Corporation (Nudd) filed herein, third-party defendant Underhill Consulting Engineer, P.C. (Underhill), pursuant to Fed.R.Civ.P. 12 and 14, admits, denies and alleges as follows:

FIRST DEFENSE

General Allegations.

1. Admitted on information and belief.
2. Admitted.

## COUNT I
### (Indemnification)

1. Third-party defendant repeats and incorporates by reference herein its admissions, denials and allegations set forth in ¶¶ 1-2 above as if each were separately set forth herein.

2. Third-party defendant admits that Nudd is in the business of manufacturing monopole-type towers used in the telecommunications industry; and that the plaintiff American Tower Corporation and/or its predecessor (ATC) alleges that it was a purchaser of said towers and sold space to its customers for installation of their antennae on the towers. Third-party defendant further admits that certain aspects of the design of Nudd's towers were submitted to Underhill for review and that following Underhill's review, Nudd manufactured and furnished certain; the remaining allegations are denied.

3. Defendant admits that following the construction of the towers, a dispute arose concerning whether or not the towers, as designed, conformed with the buyer's specifications and industry standards; and that a dispute also arose as to whether or not the towers could safely accommodate a certain number of antennae; the remaining allegations are denied.

4. Admitted.

5. Admitted.

6. Denied.

## COUNT II
### (Contribution)

1. Third-party defendant repeats and incorporates by reference herein its admissions, denials and allegations set forth in ¶¶ 1-2 and ¶¶1-6 of Count I above as if each were separately set forth herein.

2. Denied.

### SECOND DEFENSE

The injuries and damages alleged in the third-party complaint were caused by a person or persons for whose conduct this third-party defendant was not legally responsible and over whose conduct it had no control.

### THIRD DEFENSE

Third-party defendant adopts and incorporates by reference herein all defenses asserted by the defendant and third-party plaintiff in its answer to the plaintiff's complaint.

### FOURTH DEFENSE

Third-party plaintiff failed to give this third-party defendant timely notice of any breach of contract or any covenant and third-party defendant has been prejudiced thereby.

### FIFTH DEFENSE

The third-party plaintiff, by its conduct, is estopped from recovering against third-party defendant in this action.

### SIXTH DEFENSE

Recovery against the third-party defendant is barred by the economic loss doctrine.

### SEVENTH DEFENSE

The action is barred by the applicable statutes of limitations and repose including, but not limited to, G.L.c. 260, § 2B.

THIRD-PARTY DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON THE COMPLETION OF DISCOVERY.

WHEREFORE, third-party defendant demands judgment:

1. Dismissing the third-party complaint herein upon its merits;
2. For its costs and counsel fees in defense of this action; and
3. For such other and further relief as the court deems proper and just.

THIRD-PARTY DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES.

                                                UNDERHILL CONSULTING
                                                ENGINEER, P.C.,
                                                By its attorneys,

                                                */s/ Terrance J. Hamilton*
                                                Terrance J. Hamilton
                                                CASNER & EDWARDS, LLP
                                                303 Congress Street
                                                Boston, MA 02210
                                                (617) 426-5900
                                                B.B.O. No. 218980

DATED: May 11, 2004

3400.545/315662.1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each party by mail (by hand) on 5 / 11 / 04

(Signature)



CASNER & EDWARDS, LLP
ATTORNEYS AT LAW

303 Congress Street
Boston, Massachusetts 02210

Telephone (617) 426-5900
Facsimile (617) 426-8810
www.casneredwards.com

May 11, 2004

Civil Clerk
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

Re: American Tower Corp. v. Granite State Ins. Co. v. Underhill Consulting
   Engineer, P.C.
   Civil Action No. 03-12469-JLT

Dear Sir/Madam:

Enclosed for filing and docketing please find the following:

1.   Answer to Third-party Complaint; and

2.   Third-Party Defendant Underhill Consulting Engineer, P.C.'s Local Rule 7.3
Corporate Disclosure Statement.

Thank you for your attention to this matter.

Very truly yours,

Terrance J. Hamilton

TJH/laf
Enclosures
cc: counsel of record
3400.545/315238.1