UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
03-12469 JLT

AMERICAN TOWER CORPORATION )
      Plaintiff, )
)
v. )
)
GRANITE STATE INSURANCE COMPANY )
)
      Defendant, )
)
  and )
)
FRED A NUDD CORPORATION )
)
      Defendant and )
      Third-Party Plaintiff, )
)
UNDERHILL CONSULTING )
ENGINEER, P.C. )
)
      Third-Party Defendant. )

**ANSWER OF THE DEFENDANT, GRANITE STATE INSURANCE COMPANY, TO THE COMPLAINT AND JURY DEMAND OF THE PLAINTIFF, AMERICAN TOWER CORPORATION**

The defendant, Granite State Insurance Company ("Granite State"), submits the following Answer to the plaintiff's Complaint and Jury Demand:

**INTRODUCTION**

Granite State denies the allegations contained in the Introduction to the plaintiff's Complaint and denies that the plaintiff is entitled to any relief whatsoever.

Granite State responds to each of the separately numbered paragraphs of the plaintiff's Complaint as follows:

## PARTIES

1. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the plaintiff's Complaint, and, therefore, denies same.

2. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the plaintiff's Complaint, and, therefore, denies same.

3. Granite State admits the allegations contained in Paragraph 3 of the plaintiff's Complaint.

## JURISDICTION AND VENUE

4. The statements contained in paragraph 4 state conclusions of law and not allegations, and, therefore, no response is required.

5. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the plaintiff's Complaint, and, therefore, denies same.

## FACTS

6. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the plaintiff's Complaint, and, therefore, denies same.

14. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the plaintiff's Complaint, and, therefore, denies same.

15. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the plaintiff's Complaint, and, therefore, denies same.

16. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the plaintiff's Complaint, and, therefore, denies same.

17. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the plaintiff's Complaint, and, therefore, denies same.

18. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the plaintiff's Complaint, and, therefore, denies same.

19. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the plaintiff's Complaint, and, therefore, denies same.

20. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the plaintiff's Complaint, and, therefore, denies same.

21. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the plaintiff's Complaint, and, therefore, denies same.

22. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the plaintiff's Complaint, and, therefore, denies same.

23. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the plaintiff's Complaint, and, therefore, denies same.

24. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the plaintiff's Complaint, and, therefore, denies same.

25. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the plaintiff's Complaint, and, therefore, denies same.

26. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the plaintiff's Complaint, and, therefore, denies same.

27. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the plaintiff's Complaint, and, therefore, denies same.

28. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the plaintiff's Complaint, and, therefore, denies same.

29. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the plaintiff's Complaint, and, therefore, denies same.

30. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the plaintiff's Complaint, and, therefore, denies same.

31. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the plaintiff's Complaint, and, therefore, denies same.

32. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the plaintiff's Complaint, and, therefore, denies same.

33. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the plaintiff's Complaint, and, therefore, denies same.

34. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the plaintiff's Complaint, and, therefore, denies same.

35. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the plaintiff's Complaint, and, therefore, denies same.

36. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the plaintiff's Complaint, and, therefore, denies same.

37. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the plaintiff's Complaint, and, therefore, denies same.

38. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the plaintiff's Complaint, and, therefore, denies same.

39. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the plaintiff's Complaint, and, therefore, denies same.

40. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the plaintiff's Complaint, and, therefore, denies same.

41. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the plaintiff's Complaint, and, therefore, denies same.

42. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the plaintiff's Complaint, and, therefore, denies same.

43. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the plaintiff's Complaint, and, therefore, denies same.

44. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the plaintiff's Complaint, and, therefore, denies same.

45. To the extent that any of the allegations contained in Paragraph 45 of the plaintiff's Complaint relate to Granite State, Granite State denies those allegations. The remaining allegations do not refer to this defendant, and therefore, no response is required.

46. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the plaintiff's Complaint, and, therefore, denies same.

## COUNT I – BREACH OF CONTRACT

47. Granite State repeats its responses to paragraphs 1 through 46 of the plaintiff's Complaint as if expressly stated herein.

48. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the plaintiff's Complaint, and, therefore, denies same.

49. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the plaintiff's Complaint, and, therefore, denies same.

50. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the plaintiff's Complaint, and, therefore, denies same.

51. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the plaintiff's Complaint, and, therefore, denies same.

52. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the plaintiff's Complaint, and, therefore, denies same.

53. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the plaintiff's Complaint, and, therefore, denies same. Granite State also denies that the plaintiff is entitled to any relief whatsoever.

## COUNT II – FRAUDULENT MISREPRESENTATION

54. Granite State repeats its responses to paragraphs 1 through 53 of the plaintiff's Complaint as if expressly stated herein.

55. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the plaintiff's Complaint, and, therefore, denies same.

56. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the plaintiff's Complaint, and, therefore, denies same.

57. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the plaintiff's Complaint, and, therefore, denies same.

58. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the plaintiff's Complaint, and, therefore, denies same.

59. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the plaintiff's Complaint, and, therefore, denies same.

60. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the plaintiff's Complaint, and, therefore, denies same.  Granite State also denies that the plaintiff is entitled to any relief whatsoever.

## COUNT III – NEGLIGENT DESIGN

61. Granite State repeats its responses to paragraphs 1 through 60 of the plaintiff's Complaint as if expressly stated herein.

62. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the plaintiff's Complaint, and, therefore, denies same.

63. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the plaintiff's Complaint, and, therefore, denies same.

64. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the plaintiff's Complaint, and, therefore, denies same.

65. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the plaintiff's Complaint, and, therefore, denies same. Granite State also denies that the plaintiff is entitled to any relief whatsoever.

## COUNT IV – BREACH OF EXPRESS AND IMPLIED WARRANTIES

66. Granite State repeats its responses to paragraphs 1 through 65 of the plaintiff's Complaint as if expressly stated herein.

67. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the plaintiff's Complaint, and, therefore, denies same.

68. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the plaintiff's Complaint, and, therefore, denies same.

69. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the plaintiff's Complaint, and, therefore, denies same.

70. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the plaintiff's Complaint, and, therefore, denies same.

71. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the plaintiff's Complaint, and, therefore, denies same.

72. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the plaintiff's Complaint, and, therefore, denies same.

73. Granite State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the plaintiff's Complaint, and, therefore, denies same. Granite State also denies that the plaintiff is entitled to any relief whatsoever.

## COUNT V – 93A

74. Granite State repeats its responses to paragraphs 1 through 73 of the plaintiff's Complaint as if expressly stated herein.

75-76 The allegations contained in paragraphs 75 through 76 of the plaintiff's Complaint do not refer to this defendant, and, therefore, no response is required.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation not specifically admitted above, Granite State states as follows for its affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff's Complaint and each respective count thereof fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that this action should be dismissed, in whole or in part, for lack of personal jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that this action should be dismissed for improper venue.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and contractual limitations periods for commencing an action.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff's claims are barred by the unreasonable use doctrine.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff's claims are barred, in whole or in part, as a result of its own negligence.

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that Count II of the plaintiff's Complaint should be dismissed for failure to plead with particularity.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff is not entitled to any recovery under Massachusetts General Laws, Ch. 93A because the transactions and actions set forth in the plaintiff's Complaint are permitted under Massachusetts law.

## NINETH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff's claims under Massachusetts General Laws, Ch. 93A are barred, in whole or in part, because the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive acts or practices did not occur primarily and substantially within Massachusetts.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff's claims are barred, in whole or in part, due to lack of privity.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### TWELVETH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff is barred from recovering against it by the doctrine of estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that if the subject monopoles were negligently designed or defective, such negligence or defect was not the proximate cause of the plaintiff's alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff's warranty claims are barred by the plaintiff's failure to give timely notice.

### FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff cannot recover for any breach of warranty because, if the monopoles were defective, the plaintiff was aware of the alleged defects and their attendant risks, yet nevertheless proceeded unreasonably in the face of said risks, thereby causing its alleged damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff has failed to state breach of express and implied warranty claims against it because Granite State neither sold, manufactured, designed or distributed the monopoles which are the subject of this lawsuit.

### SEVENTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff is barred from recovering against it by the doctrine of waiver.

### EIGHTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff is barred from recovering against it by the doctrine of laches.

### NINETEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff is barred from recovering against it by the doctrine of unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the insured did not comply, in whole or in part, with the conditions of the Granite State policy relating to the giving of notice.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the damage and loss alleged in the plaintiff's Complaint are not covered by the policy of insurance alleged in the plaintiff's Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that it has no obligation to provide coverage in this matter because the alleged loss does not fall within the scope of coverage afforded under the insuring agreement of the policy of insurance alleged in the plaintiff's Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the insured failed to perform all of its obligations under the policy of insurance alleged in the plaintiff's Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that it has no obligation to provide coverage in this matter because of the terms, conditions, and exclusions contained in the policy of insurance alleged in the plaintiff's Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that to the extent that the damage and loss alleged in the plaintiff's Complaint does not arise from an "occurrence" as that term is defined under the policy of insurance alleged in the plaintiff's Complaint, there is no coverage under the policy.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that to the extent that the claim does not involve "physical injury" to tangible property or the loss of use thereof, there is no "property damage" as that term is defined in the policy of insurance alleged in the plaintiff's Complaint, and therefore, there is no coverage.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that there is no coverage under the policy of insurance alleged in the plaintiff's Complaint to the extent that

the claim asserted in the plaintiff's Complaint does not involve a claim for "damages."

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that there is no coverage under the policy of insurance alleged in the plaintiff's Complaint for damages expected or intended from the standpoint of the insured.

### TWENTY-NINETH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that there is no coverage under the policy of insurance alleged in the plaintiff's Complaint for any "property damage" or "bodily injury" which takes place out of the applicable policy period.

### THIRTIETH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that there is no coverage for damage to "your product" as defined under the policy of insurance alleged in the plaintiff's Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that there is no coverage for damage to "impaired property" or property that has not been physically injured arising out of a defect in "your product" as defined under the policy of insurance alleged in the plaintiff's Complaint.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that there is no coverage under the policy of insurance alleged in the plaintiff's Complaint for damages claimed

for any loss, cost or expense incurred for loss of use, withdrawal, recall, inspections, repairs, replacement, adjustment, removal or disposal of "your product" if such product is withdrawn or recalled from the market or from use by any person or organization because of known or suspected defects, deficiency, inadequacy or dangerous condition.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the policy of insurance alleged in the plaintiff's Complaint only provides coverage to the named insured or insured as defined in the policy.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Granite State states that the plaintiff has no standing to sue Granite State in this matter.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Granite State reserves its right to assert additional defenses available under the terms of the policy or available at law or equity upon discovery of further information concerning the plaintiff's claims or upon the development of other relevant information, including information discovered during the course of this litigation and information discovered outside the discovery process of this litigation.

WHEREFORE, the defendant, Granite State Insurance Company, respectfully requests that this Court:

1. Enter judgment dismissing each and every cause of action brought against the defendant, Granite State Insurance Company, by the plaintiff herein;

2. Enter judgment declaring that the plaintiff is owed no coverage under the Granite State Policy; and

3. Order such other and further relief as this Court deems just and proper, together with the costs and disbursements of this action.

THE DEFENDANT,
GRANITE STATE INSURANCE
COMPANY
By its Attorneys,

*[signature]*

Craig R. Waksler
B.B.O. # 566087
Eric M. Chodkowski
B.B.O. # 648629
TAYLOR, DUANE, BARTON
 & GILMAN, LLP
111 Devonshire Street
Boston, MA  02109
(617) 654-8200

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on May 11, 2004.

*[signature]*

Eric M. Chodkowski

20

ALLAN E. TAYLOR*
JAMES J. DUANE III*
JOHN J. BARTON**
PAMELA SLATER GILMAN*
EDWARD D. SHOULKIN*
JENNIFER ELLIS BURKE*
FRANCIS A. CONNOR III**
ROBERT C. SHINDELL**
CRAIG R. WAKSLER**
STEPHEN ADAMS**°
SHERI L. PIZZI**
ANDRIA COLETTA**
TAMARA J. SMITH*
ROBERT M. ELMER**°
JENNIFER LYNCH BUCKLEY**
CAROLE L. McLAUGHLIN**
ERIC M. CHODKOWSKI*
LAWRENCE T. GINGROW III**
TIMOTHY E. BRAY*°
EDWARD COBURN**
ANDREW C. COULAM**
ANDREW R. WEINER*
C. MURRAY HARRIS*
KRISTIE L. McCANN°

* admitted in Massachusetts
* admitted in Rhode Island
° admitted in Connecticut
^ admitted in New York
§ admitted in Maine
⌐ admitted in Texas

# TAYLOR DUANE BARTON & GILMAN, LLP

Attorneys at Law

111 Devonshire Street
Boston, Massachusetts 02109

617/654-8200
Fax 617/482-5350
www.tdbgllp.com

10 Dorrance Street, Suite 700
Providence, Rhode Island 02903

401/273-7171
Fax 401/273-2904

Writer's E-mail Address
echodkowski@tdbgllp.com

May 11, 2004

**BY HAND DELIVERY**

Civil Clerk
United States District Court
   for the District of Massachusetts
U.S. Courthouse
1 Courthouse Way
Boston, MA 02110

Re:   American Tower Corporation v. Fred A. Nudd Corporation, et al.
      <u>U.S. District Court; District of Massachusetts; Civil Action No. 03-12469 JLT</u>

Dear Sir or Madam:

We are enclosing the following for filing in connection to the above-referenced case:

1. Answer of the Defendant, Granite State Insurance Company, to the Complaint and Jury Demand of the Plaintiff, American Tower Corporation;

Thank you for your attention to this matter.

Very truly yours,

Eric M. Chodkowski

Enclosures
cc:   All Counsel of Record.