UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
03-12469 JLT

| | |
|---|---|
| AMERICAN TOWER CORPORATION<br>Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| GRANITE STATE INSURANCE COMPANY | ) |
| Defendant, | )<br>) |
| and | ) |
| FRED A NUDD CORPORATION | )<br>) |
| Defendant and<br>Third-Party Plaintiff, | )<br>)<br>) |
| UNDERHILL CONSULTING<br>ENGINEER, P.C. | )<br>)<br>) |
| Third-Party Defendant. | ) |

## MOTION OF DEFENDANT, GRANITE STATE INSURANCE COMPANY, TO SEVER AND STAY ALL PROCEEDINGS AGAINST IT PENDING THE RESOLUTION OF THE UNDERLYING CLAIMS AGAINST THE CO-DEFENDANT, FRED A. NUDD CORPORATION

The defendant, Granite State Insurance Company ("Granite State"), moves this Court to sever and stay the claims against it in this action until the underlying claims against its insured, Fred A. Nudd Corporation ("Nudd"), are resolved.

In support of its motion to sever and stay all proceedings against it, Granite State states that:

1

1. American Tower Corporation ("American Tower") asserts five counts against the defendant, Nudd, for "breach of contract, negligent design, fraudulent misrepresentation of its product, breach of the express and implied warranties and violation of M.G.L.c. 93A."

2. American Tower's Complaint arises out of the purchase and use by its alleged predecessor, Unisite, Inc., of cellular telephone antennae towers, known as "monopoles", sold by Nudd. American Tower alleges that some monopoles sold by Nudd are defective because they purportedly do not meet certain standards for stress loads.

3. According to American Tower, "[u]nder its coverage terms, [Granite State Insurance Company ("Granite State")] is liable to [American Tower] for those damages suffered by [American Tower] that are the result of it's (sic.) insured's actions, rendering it liable under the counts asserted by [American Tower] in the Complaint." See American Tower Corporations' Opposition to Granite State Insurance Company's Motion to Dismiss, p. 3.

4. Other than its bald assertion that Granite State is liable for damages that are the result of Nudd's actions, American Tower has failed to assert any independent grounds on which Granite State could be held liable to it. Rather, the sole reason Granite State is a defendant in this matter is that it is Nudd's insurer. Granite State had no involvement whatsoever in the sale of the monopoles to American Tower.

5. Accordingly, American Tower's claim against Granite State in this action is premature and not ripe for adjudication because if there is a finding in favor Nudd on the

underlying claims, American Tower would have no claim against Granite State. In that event, all the time, effort and resources directed toward the litigation of the claim asserted against Granite State would have been wasted.

6. There will be no prejudice to American Tower if its claim against Granite State is severed and stayed in all respects, including discovery, pending the outcome of the remaining claims against Nudd.

7. The grounds for this motion are more fully discussed in the accompanying Memorandum of Law.

WHEREFORE, the defendant, Granite State Insurance Company, respectfully requests that this Court sever and stay the claims asserted against it by the plaintiff, American Tower Corporation, including all discovery relating thereto, pending the resolution of the underlying tort claims against the co-defendant, Fred A. Nudd Corporation.

THE DEFENDANT,
GRANITE STATE INSURANCE
COMPANY
By its Attorneys,

_____
Craig R. Waksler
B.B.O. # 566087
Eric M. Chodkowski
B.B.O. # 648629
TAYLOR, DUANE, BARTON
 & GILMAN, LLP
111 Devonshire Street
Boston, MA 02109
(617) 654-8200

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that prior to filing this motion, I conferred with counsel for American Tower Corporation, regarding the subject matter of this motion. We were unable to resolve or narrow the issues raised within this motion. Therefore, we file this motion with the Court for resolution of the issues contained herein.

_____
Eric M. Chodkowski

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on May 26, 2004.

_____
Eric M. Chodkowski

4