UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
03-12469 JLT

|  |  |
|---|---|
| AMERICAN TOWER CORPORATION<br>Plaintiff, | ) |
| v. | ) |
| GRANITE STATE INSURANCE COMPANY | ) |
| Defendant, | ) |
| and | ) |
| FRED A NUDD CORPORATION | ) |
| Defendant and<br>Third-Party Plaintiff, | ) |
| UNDERHILL CONSULTING<br>ENGINEER, P.C. | ) |
| Third-Party Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE DEFENDANT, GRANITE STATE INSURANCE COMPANY, TO SEVER AND STAY ALL PROCEEDINGS AGAINST IT PENDING THE RESOLUTION OF THE UNDERLYING CLAIMS AGAINST THE CO-DEFENDANT, FRED A. NUDD CORPORATION**

## INTRODUCTION

The plaintiff, American Tower Corporation ("American Tower"), asserts five counts against the defendant, Fred A. Nudd Corporation ("Nudd"), for breach of contract, fraudulent misrepresentation, negligent design, breach of express and implied warranties, and violation of M.G.L. ch. 93A. See American Tower's Complaint, Introduction. American

Tower's Complaint arises out of the purchase and use by its alleged predecessor, Unisite, Inc., of cellular telephone antennae towers, known as "monopoles", sold by Nudd. American Tower alleges that some monopoles sold by Nudd are defective because they purportedly do not meet certain standards for stress loads. See American Tower's Complaint.

According to American Tower, "[u]nder its coverage terms, [Granite State Insurance Company ("Granite State")] is liable to [American Tower] for those damages suffered by [American Tower] that are the result of it's (sic.) insured's actions, rendering it liable under the counts asserted by [American Tower] in the Complaint." See American Tower Corporation's Opposition to Granite State Insurance Company's Motion to Dismiss, p. 3. Other than its bald assertion that Granite State is liable for damages that are the result of Nudd's actions, American Tower has failed to assert any independent grounds on which Granite State could be held liable to it. Rather, the sole reason Granite State is a defendant in this matter is that it is Nudd's insurer. Granite State had no involvement whatsoever in the sale of the monopoles to American Tower.

Accordingly, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, this Court should sever and stay American Tower's claims against Granite State, including all discovery relating thereto, until it is determined whether the co-defendant, Nudd, is liable, if at all, for the injuries alleged by American Tower. Granite State requests this relief because if there is a finding in favor of Nudd on the underlying claims, American Tower would have no claim against Granite State. Moreover, American Tower's premature pursuit of a claim against Granite State would only result in an improper attempt to obtain materials from the

2

claims file maintained by Granite State. The claims file contains information that is protected from disclosure by the work product doctrine and attorney-client privilege.

## ARGUMENT

**A.  American Tower's Claims Against Granite State, Including All Discovery Related Thereto, Should Be Severed and Stayed Pending Resolution Of American Tower's Claims Against Granite State's Insured, Fred A. Nudd Corporation.**

The Massachusetts Federal District Court has held that "[e]ven without explicit statutory authority to do so, a court, in its sound discretion, may stay any case pending before it as an exercise of its inherent power to control its own docket." See Bowlby v. Carter Manufacturing Corp., 138 F.Supp. 2d 182, 188 (D.Mass. 2001); Cannavo v. Enterprise Messaging Services, Inc., 982 F.Supp. 54, 59 (D.Mass. 1997).

In this case, American Tower's claim that Granite State is liable to it under the insurance coverage provided to Nudd is completely premature and not yet ripe for adjudication. American Tower asserts five counts against Nudd for breach of contract, fraudulent misrepresentation, negligent design, breach of express and implied warranties, and violation of M.G.L. ch. 93A. American Tower, however, has not asserted any independent grounds on which Granite State could be held liable to it. Rather, the sole reason Granite State is a defendant in this matter is that it is Nudd's insurer. Granite State had no involvement whatsoever in the sale of the monopoles to American Tower. Accordingly, the Court should sever and stay American Tower's action against Granite State because it does not have a viable claim against Granite State.

3

By bringing any claim against Granite State at this stage of the litigation, American Tower will presumably seek to gain an unfair advantage against Granite State and its insured, Nudd, during discovery. By allowing American Tower to obtain discovery from Granite State, American Tower will likely attempt to obtain materials from the claims file maintained by Granite State that are protected from disclosure by the work product doctrine and attorney-client privilege. Because American Tower will undoubtedly seek to discover information that is not properly discoverable, the discovery process in this case will become more unwieldy than necessary. Accordingly, if this Court were to permit American Tower to conduct discovery against Granite State at this time, Granite State and its insured, Nudd, will suffer severe prejudice as a result of American Tower's attempt to discover privileged information and materials. Where the possibility of prejudice to Granite State and its insured, Nudd, is as great as it is in this matter, a stay is appropriate and warranted.

## CONCLUSION

For all of the reasons set forth above, the defendant, Granite State Insurance Company, respectfully requests that this Court sever and stay the claims asserted by American Tower against Granite State, including all discovery related thereto.

THE DEFENDANT,
GRANITE STATE INSURANCE
COMPANY
By its Attorneys,

Craig R. Waksler
B.B.O. # 566087
Eric M. Chodkowski
B.B.O. # 648629
TAYLOR, DUANE, BARTON
    & GILMAN, LLP
111 Devonshire Street
Boston, MA  02109
(617) 654-8200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on May 26, 2004.

Eric M. Chodkowski

5