**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

FILED IN CLERKS OFFICE

2004 JUN -1  P 2:02

U.S. DISTRICT COURT
DISTRICT OF MASS.

|   |   |
|---|---|
| AMERICAN TOWER CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 03-12469-JLT |
| ) | |
| FRED A. NUDD CORPORATION and ) | |
| GRANITE STATE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## AMERICAN TOWER CORPORATION'S OPPOSITION TO GRANITE STATE INSURANCE COMPANY'S MOTION TO SEVER AND STAY

Plaintiff, American Tower Corporation ("ATC"), respectfully requests that this Honorable Court deny the Motion of Defendant, Granite State Insurance Company ("Granite") to Sever and Stay All Proceedings Against It Pending the Resolution of the Underlying Claims Against the Co-Defendant, Fred A. Nudd Corporation (the "Motion"). Plaintiff's claims are for the recovery of loss resulting from Defendant, Fred A. Nudd Corporation's ("Nudd"), defective products and breach of obligations to ATC and its predecessor in interest, which resulted in, *inter alia*, damage to ATC's property. Granite is the issuer of an insurance policy to Nudd, under the terms of which, ATC's claim is entitled to coverage. The grounds for this Opposition are as follows:

1. The decision to bifurcate is a matter "peculiarly within the discretion of the trial court." See Gonzalez-Marin v. Equitable Life Assurance Society of U.S., 845 F.2d 1140, 1145 (1st Cir.1988); Warner v. Rossignol, 513 F.2d 678, 684 (1st. Cir.1975). The issue is guided by consideration of several factors: (1) whether a separation of the issues for trial will expedite

disposition of the action; (2) whether such separation will conserve trial time and other judicial resources; (3) whether such separation will be likely to avoid prejudice to any party at trial that may occur in the absence of separation; and (4) whether the issues are essentially independent of each other so that there will be no need to duplicate the presentation of significant areas of the evidence in the separated proceedings. See Thorndike v. Daimler-Chrysler Corp., 220 F.R.D. 6, 8 (D. Me. 2004); see also McKellar v. Clark Equip. Co., 101 F.R.D. 93, 94 (D.Me.1984); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (2d ed. 2003) ("The district judge must weigh whether one trial or separate trials best will serve the convenience of the parties and the court, avoid prejudice and minimize expense and delay. The major consideration, of course, must be which procedure is more likely to result in a just and expeditious final disposition of the litigation").

2. The parties requesting bifurcation have the burden of showing it is warranted. See Estate of Chapman v. Bernard's Inc., 167 F.Supp.2d 406, 417 (D.Mass.2001), citing Maldonado Cordero v. AT&T, 190 F.R.D. 26, 29 (D.P.R.1999). "The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (2d ed. 2003).

3. It is within this Court's discretion to sever the claims at the time of trial, under Rule 42(b), if Granite can demonstrate that it is necessary, and the Court agrees with the Insurers at that time. Given the availability of that remedy, it is totally unnecessary (and, indeed, as discussed below, it would be counterproductive) to sever the claims for the purposes of discovery and case management.

4.      Granite has wholly failed to satisfy its burden of proof that bifurcation of this action is necessary. Granite has neither raised nor argued that a severance of Granite from this action would expedite its resolution, conserve judicial resources, prevent some form of prejudice to it or demonstrate that any claims against it are sufficiently independent.

5.      Granite argues, *inter alia*, that its liability is solely contingent upon the finding of Nudd's liability which warrants the severance of the claims brought in this action. This concern was similarly raised in Granite's Motion to Dismiss, wherein this Court denied Granite's Motion to Dismiss, ordering it to remain in this action. This argument has no bearing whatsoever on whether this Court should sever the claims at this juncture, as the Court has determined that Plaintiff has stated a claim against Granite. If Granite alleges that there is no coverage under the terms of its Policy, then it may seek summary judgment on the issue of coverage. This reasoning fails to set forth any basis for the severance of any claims against Granite.

6.      ATC's claims against Nudd and Granite share a common nexus of law and fact. The common issues between ATC's claims against Nudd and Granite are intricately intertwined relative to the existence of coverage under the policy issued by Granite and factual issues regarding Nudd's defective product, misrepresentations and breach of warranties, and the economic and physical losses suffered by ATC. Bifurcation and severance of Granite would lead to duplicity in resolution of these matters at increased costs to all parties and the judicial system.

7.      Granite's concern that, if it remains part of this action, ATC will seek discovery of privileged and protected materials is preposterous. ATC is entitled to discovery against Granite, and the granting of Granite's Motion would only serve to delay ATC's discovery. Upon receipt of any discovery from ATC that Granite deems to request privileged information, it may

seek protection from this Court to quash any such requests. This argument is far from setting forth any basis for the granting of the Motion.

8. Denial of Granite's Motion will result in greater efficiency for all parties, and will avoid the costly prejudice to Plaintiff of having to litigate separately the same issues and facts. Severance of the claims against Granite would lead to an increase in the amount of time to the final resolution of this action. Allowance of Granite's Motion will further promote inefficiency and expense, due to the substantial overlap of witnesses and proof required for each of the claims asserted by ATC that is allegedly covered by Granite's policy.

## CONCLUSION

Granite improperly relies upon a Rule designed to promote efficiency and reduction of confusion in the resolution of claims to advocate a course of action that would, if adopted, result in tremendous inefficiency and delay in the pursuit of separate lawsuits involving a single insurance policy, involving a single defendants, and the same factual issues and occurrences. Granite's proposed severance would result in enormous waste of the parties' and this Court's resources, without any counterbalancing gain. Therefore, Granite's Motion must be denied.

Respectfully submitted,

**AMERICAN TOWER CORPORATION,**

By its Attorneys,

_/s/ Doreen M. Zankowski_
Doreen M. Zankowski (BBO#558381)
Jeremy Blackowicz (BBO# 650945)
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
Phone: (617) 345-9000

Dated: June 1, 2004

#487478 v1