UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN TOWER CORPORATION, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> FRED A. NUDD CORPORATION and ) <br> GRANITE STATE INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) <br> ) <br> v. ) <br> ) <br> UNDERHILL CONSULTING ) <br> ENGINEER, P.C. ) <br> ) <br> Third Party Defendant ) | Civil Action No. 03-12469-JLT |

JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Counsel for the parties have conferred, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and Rule 16.1(B) of the Local Rules of this Court, and now submit this Joint Statement in accordance with Rule 16.1(D) of the Local Rules of this Court.

I.  PROPOSED DISCOVERY PLAN

The parties have agreed to the following:

A.  Fact Discovery

Each of the parties will have made its voluntary disclosures pursuant to Fed. R. Civ. P. 26(a)(1) prior to the Rule 16 conference. Fact discovery shall be completed no later than March 1, 2005.

B.  <u>Expert Discovery</u>

The plaintiffs shall serve any reports required by Fed. R. Civ. P. 26(a)(2) for any experts they intend to offer no later than April 1, 2005. The defendants shall serve reports for any experts no later than May 1, 2005. Depositions, if any, of experts must be concluded no later than June 15, 2005.

C.  <u>Fed. R. Civ. P. 26(a) Automatic Disclosures</u>

The parties agree that no changes to the form of disclosures required by Fed. R. Civ. P. 26(a) and L.R. Civ. P. 26.2(A) are necessary. The parties agreed at the conference pursuant to Fed. R. Civ. P. 26(f) and L.R. Civ. P. 16.1 that the automatic disclosures would be exchanged by June 18, 2004.

D.  <u>Phased Discovery And Discovery Limitations</u>

The parties agree that they see no need nor benefit to phased discovery at this time. The parties agree that the proper subjects of discovery are those related to the allegations in the Complaint, the Answers and the related pleadings, as further defined by the Federal Rules. After discussion as required at the conference pursuant to Fed. R. Civ. P. 26(f) and L.R. Civ. P. 16.1, the parties agree that at this time they see no reasonable way to limit the appropriate subjects of discovery.

The defendant, Granite State Insurance Company, submits that all discovery as to it should be stayed pending the resolution of the underlying claims against its insured, Fred A. Nudd Corporation, are resolved. Granite State Insurance Company incorporates by reference the reasons set forth in its pending Motion to Sever and Stay All Proceedings Against It Pending the Resolution of the Underlying Claims Against the Co-Defendant, Fred A Nudd Corporation. To

the extent that discovery is permitted to proceed against Granite State Insurance Company, Granite State Insurance Company submits that discovery should be limited to the production of Granite State Policy No. CPP 0000-709-56-52 98 issued to Fred A. Nudd Corporation and any non-privileged documents contained within the claims file for this claim. The other parties disagree with this position.

### E. Changes To Discovery Limitations Imposed By Local Rules

After discussion as required at the conference pursuant to Fed. R. Civ. P. 26(f) and L.R. Civ. P. 16.1, the parties agree that at this time they see no need to request alteration of the discovery limitations imposed by the Local Rules.

## II. PROPOSED MOTION PLAN

### A. Dispositive Motions

The parties agree that dispositive motions will be filed by July 15, 2005.

### B. Motion To Add Defendant Underhill As First Party Defendant

Recently, Defendant Fred A. Nudd Corporation ("Nudd") has identified Underhill Consulting Engineer, P.E. ("Underhill") as the engineer allegedly responsible for the engineering work on the monopoles which underlie American Tower Corporation's ("ATC") claims. If the allegations in Nudd's Third Party Complaint prove true, then ATC may wish to amend the Complaint to assert its own independent cause of action against Underhill. The parties have agreed that if ATC will assert such a claim, it will do so after initial discovery of the basic truth of Nudd's third-party claims, if possible by September 1, 2004.

III.  TRIAL

    A.  Trial By Magistrate

At this time, the parties do not consent to a trial before the Magistrate Judge.

    B.  Time For Trial

The parties anticipate that they will be ready for trial by October 2005.

IV.  OTHER ORDERS

After discussion as required at the conference pursuant to Fed. R. Civ. P. 26(f) and L.R. Civ. P. 16.1, the parties agree that there are no other orders the Court need enter at this time.

Granite State Insurance Company submits that the Court should enter an order severing and staying all proceedings against it pending the resolution of the underlying claims against the co-defendant, Fred A. Nudd Corporation. The other parties disagree with this position.

V.  CERTIFICATIONS

Certification of the plaintiff pursuant to L.R. Civ. P. 16.1(D)(3) is attached hereto. The other parties will submit the certifications required by Local Rule 16.1(D)(3) prior to or at the scheduling conference.

                          AMERICAN TOWER CORPORATION

                          By its attorneys,

                          Kevin S. Murphy (BBO# 638335)
                          Matthew C. Welnicki (BBO# 647104)
                          YURKO & SALVESEN, P.C.
                          One Washington Mall, 11th Flr.
                          Boston, MA 02108-2603
                          (617) 723-6900

FRED A. NUDD CORPORATION

By its attorneys,

*Robert Riley* (KSW)
Robert E. Riley (BBO# 420660)
VENA, RILEY, DEPTULA LLP
250 Summer Street
Boston, MA 02210
(617) 951-2400


GRANITE STATES INSURANCE COMPANY

By its attorneys,

*Eric Chodkowski* (KSW)
Craig R. Waksler (BBO# 566087)
Eric M. Chodkowski (BBO# 648629)
TAYLOR, DUANE, BARTON & GILMAN
111 Devonshire Street
Boston, MA 02109
(617) 654-8200


UNDERHILL CONSULTING ENGINEER, P.C.

*Terrance Hamilton* (KSW)
Terrance J. Hamilton (BBO# 218980)
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900


Date: June 16, 2004